(112 App. Div. 880)

PEOPLE ex rel. NATIONAL ENAMELING & STAMPING CO. v. MILLER,
State Comptroller.

(Supreme Court, Appellate Division, Third Department. March 22, 1906.)

1. LICENSES—FOREIGN CORPORATIONS—CAPITAL EMPLOYED WITHIN STATE.

The basis for the assessment of the license fee against a foreign corporation, under section 181 of the tax law (Heydecker's Gen. Laws, p. 1918, c. 24), which provides that such fee shall "be computed upon the basis of the capital stock employed by it within this state," is the capital, not the capital stock, employed in the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 672.]

2. TAXATION—FRANCHISE TAX.

The basis for the assessment of the franchise tax against a foreign corporation under section 182 of the tax law (Heydecker's Gen. Laws, p. 1919, c. 24), which provides that such tax shall "be computed upon the basis of the capital employed by it within this state," is the capital, not the capital stock, employed in the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 672.]

3. SAME—ASSESSMENT—REVIEW BY CERTIORARI—REVERSAL—DISPOSITION OF CAUSE.

On reversal of the determination of the State Comptroller assessing a franchise tax and license fee against a foreign corporation, the Supreme Court will not undertake to modify the same, but will remit the case to him for a new hearing upon the merits.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 908; vol. 9, Cent. Dig. Certiorari, § 185.]

Certiorari by the people, on the relation of the National Enameling & Stamping Company, to review a determination of Nathan L. Miller, as Comptroller of the state, assessing a franchise tax and license fee against relator. Determination of the Comptroller reversed, with $50 costs and disbursements to the relator, and the matter remitted to the Comptroller for a new hearing.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Louis Marshall, for relator.

Julius M. Mayer, Atty. Gen., and James G. Grahm, Deputy Atty. Gen., for respondent.

CHESTER, J. The relator is a foreign corporation having preferred and common stock, and this is a proceeding by certiorari to review the determination of the Comptroller in assessing it for a franchise tax, under section 182 of the tax law (Heydecker's Gen. Laws, p. 1919, c. 24), for the years 1899, 1900, and 1901, and for a license fee under section 181 of such tax law. During the years in question the relator paid a dividend of 7 per centum on its preferred, but paid no dividends on its common, stock. Section 182 of the tax law provides that the franchise tax imposed upon foreign corporations shall "be computed upon the basis of the capital employed by it within this state." Section 181 of the tax law provides that the license fee imposed upon a foreign corporation shall "be computed upon the basis of the capital stock employed by it within this state." It has recently

been decided that the basis for the assessment of the license fee against a foreign corporation under such section 181 is the capital employed in this state. People ex rel. Gin Seng Co. of America v. Kelsey as Comptroller, 105 App. Div. 175, 93 N. Y. Supp. 369, affirmed 182 N. Y. 526, 74 N. E. 1123. The Comptroller, acting before this decision was made, assessed the license fee against the relator on the basis of the capital stock, instead of on the basis of the capital employed in the state.. It also appears that he assessed the franchise tax on the basis of the capital stock, and not of the capital employed in the state. Having concededly adopted an erroneous basis for the assessment of both the license fee and the tax, we think his determination must be reversed, :and the case remitted to him for a new hearing upon the merits, as we do not think we should undertake to modify the determination in such a case, as that, in effect, would be to make an assessment in the first instance in this court. This we should not do for the further reason that the testimony might be materially changed upon a rehearing.

The relator insists, however, that it is not liable to any tax whatever. It is entirely clear that it has, during the years in question, employed a large amount of its capital in this state. This is practically conceded, but it urges that its debts are greater in amount than the capital so employed. It appears that the indebtedness which it seeks credit for in the reduction of its assessment was contracted for its general business throughout the country, and not for the use or on account of its business in this state. Nor does it appear how much, if any, of such indebtedness relates to the business here. Manifestly, it would not be entitled to deduct its entire indebtedness incurred for the prosecution of a business extended through the country in arriving at the amount for which it should be assessed in this state. We are in no position, therefore, to determine now how much, if any, of this indebtedness should be taken into account in making an assessment, and, more than this, on the new hearing the proof as to the amount of capital employed in this state may be materially different from that upon the hearing which is now the subject of review, so that the whole matter should be remitted to the Comptroller.

Determination of the Comptroller reversed, with $50 costs and disbursements to the relator, and the matter remitted to the Comptroller for a new hearing. All concur.